UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-CV-51-KKC

DEBORAH BLACK AND RICK BLACK                                         PLAINTIFFS

v.                                    **OPINION AND ORDER**

UNITED STATES OF AMERICA                                    DEFENDANT AND
                                                            THIRD PARTY PLAINTIFF

v.

SAINT JOSEPH HEALTH SYSTEMS, INC.
d/b/a SAINT JOSEPH-MARTIN, f/k/a OUR
LADY OF THE WAY HOSPITAL, INC. and
PREM VERMA, M.D.                                    THIRD PARTY DEFENDANTS

* * * * * * * * * * * * * * *

This matter is before the Court on the Motion to Set Aside Default [R. 27] filed by Saint

Joseph Health System, Inc. ("Saint Joseph").  Default was entered in favor of the United States of

America ("United States") against Saint Joseph on November 5, 2009 by the Clerk of the Court.

[R. 26].  For the reasons set forth below, the Court will GRANT Saint Joseph's motion and set

aside the entry of default in accordance with Rule 55(c) of the Federal Rules of Civil Procedure

("FRCP").

I.      PROCEDURAL HISTORY

On February 13, 2009 Deborah Black filed a Federal Tort Claims Act ("FTCA") action

against the United States concerning the allegedly negligent care and treatment that she received

during her hospitalization at Saint Joseph in September 2006. [R. 1].  On August 25, 2009, the

United States filed a motion for leave to file a third-party complaint seeking to add Saint Joseph

as a third party defendant to the action. [R. 14].  The motion was granted by this Court. [R. 15].

Saint Joseph explains that the third-party complaint was initially received by a representative of Saint Joseph who forwarded it to the officer in charge of overseeing claims against the hospital.  This officer assumed that counsel for Saint Joseph had also been provided with a copy of the third-party complaint because of the existence of ongoing litigation between the same parties in state court since September of 2007.[1]  However, counsel for Saint Joseph states that he was never provided with a copy of the third-party complaint.

Saint Joseph asserts that it failed to timely answer the third party complaint because of miscommunication and misunderstanding.   On November 5, 2009 a representative of Saint Joseph informed counsel that default had been entered.  Counsel reports that the same day, he contacted the United States Attorney's Office regarding the default and received a verbal indication that the United States would not oppose a motion to set aside the entry of default.  The instant motion to set aside the entry of default was filed by Saint Joseph on November 6, 2009, one day after default was entered. [R. 27].  In its motion, Saint Joseph claims that good cause

---

[1] This litigation has a complex procedural history in the state courts.  In September of 2007, Deborah and Rick Black filed a complaint against Patrick Collins, D.O., Prem Verma, M.D., and Our Lady of the Way Hospital which is now Saint Joseph in Floyd Circuit Court.  *See Black et. al v. Our Lady of the Way Hospital, Inc.*, Case No. 07-CI-1037.  The Black's complaint alleged that the defendants were negligent in their care and treatment of Mrs. Black during her hospitalization in September of 2006.  Dr. Collins was employed by Big Sandy Health Care, Inc. ("Big Sandy"), a federally funded health clinic, which operates under the Federally Supported Health Centers Assistance Act of 1992.  On December 19, 2005, Big Sandy was deemed to be eligible for coverage under the FTCA pursuant to 42 U.S.C. 233(h) for acts and omissions occurring between January 1, 2006 and December 31, 2006.  Because Dr. Collins was covered by the FTCA, the United States filed a notice of removal in the United States District Court for the Eastern District of Kentucky at Pikeville.  In addition, the United States filed a motion to dismiss the action and Dr. Collins filed a motion to substitute the United States as a defendant.  On February 25, 2008, the United States District Court removed the action from Floyd Circuit Court to the United States District Court and substituted the United States for Defendant Dr. Collins.  However, in that same Judgment and Order, the Court dismissed the claims against the United States for lack of jurisdiction and remanded the action against the remaining defendants including Saint Joseph to the Floyd Circuit Court.  This state court proceeding is still pending. However, counsel for Saint Joseph agreed to a request by Plaintiffs' counsel to hold the state court action in abeyance pending the outcome of Plaintiffs' FTCA claim against the United States.

exists to allow this Court to set aside the entry of default in accordance with Rule 55(c).

## II.      LEGAL ANALYSIS

Rule 55(c) of the FRCP provides that "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While "the same considerations exist when deciding whether to set aside either an entry of default or a default judgment...they are applied more liberally when reviewing an entry of default." *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). In considering whether it is appropriate to grant relief from an entry of default, the Court must consider: (1) whether reoponeing the case will prejudice the plaintiff; (2) whether the defendant has a meritorious defense; and (3) whether the default was caused by culpable conduct of the defendant. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *United Coin Meter Co. v. Seaboard Coastline R. R.*, 705 F.2d 839, 845 (6th Cir. 1983). In exercising its discretion, the court should also be mindful that "[t]rials on the merits are favored in the federal courts..." *United Coin Meter Co.*, 705 F.2d at 839.

### A.      Whether reopening the case will prejudice the United States.

With regard to consideration of this factor, courts have recognized that "[m]ere delay in satisfying plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default..." *United Coin Meter Co.*, 705 F.2d at 845 (citing *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372,374 (D.C. Cir. 1980)). In the present case there is no evidence that the United States will be prejudiced from reopening the judgment. This case is in the early stages of litigation and it appears that counsel for the United States has no objection to the motion filed by Saint Joseph. Finally, the risk of prejudice appears to be reduced where as here the motion to set aside entry of default is filed nearly immediately

after entry.  Because there is no evidence that the United States will be prejudiced by reopening this case, the Court finds that this factor weights in favor of granting Saint Joseph's motion.

**B.       Whether the Saint Joseph has a meritorious defense.**

In making the determination whether Saint Joseph has a meritorious defense "likelihood of success is not the measure." *Keegel*, 627 F.2d at 734.  Rather, at this point of the inquiry it is necessary to "resolve all ambiguous or disputed facts in the light most favorable to the defendant." *Berthelsen*, 907 F.2d at 621 (citing *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir.), *cert. denied*, 484 U.S. 927, 108 S. Ct. 291, 98 L. Ed. 2d 251 (1987)).  The real key to this inquiry is whether there is a possibility that the outcome of the suit, after a full trial, will be different than the result achieved by the entry of default.  *INVST Financial Group, Inc.*, 815 F.2d at 399.

Saint Joseph claims that it has a meritorious defense to the claims made by the United States because it is prepared to present evidence that its care and treatment of the original plaintiff, Deborah Black, met the required standard of care and that it is not responsible for the damages that plaintiffs suffered.  While it is not clear whether this defense will be successful at trial, the Court is mindful that it must view all ambiguous and disputed facts in the light most favorable to Saint Joseph.   In doing so, the Court finds that Saint Joseph's claims that it its treatment met the required standard of care and that it is not responsible for the damages that plaintiffs suffered provide a meritorious defense for purposes of the Court's consideration of this motion.  *Berthelsen*, 907 F. 2d at 621.  As a result, this Court finds that this factor weighs in favor of granting Saint Joseph's motion.

**C.      Whether the entry of default was caused by Saint Joseph's culpable conduct.**

For a defendant's conduct that leads to entry of a default to be considered culpable it "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Service, Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).  However, "[m]ere carelessness is insufficient to establish culpable conduct." *Moore v. Brewer*, 2007 U.S. Dist. LEXIS 87083 (E.D. Ky. Nov. 27, 2007). There is no evidence before the Court that Saint Joseph had any intent to thwart these judicial proceedings or that it has shown a reckless disregard for the effect of its conduct on these proceedings.  At most, the record reflects that there was a miscommunication between counsel and various agents for Saint Joseph regarding the third-party complaint, which was served on a representative of Saint Joseph who forwarded it to the officer in charge of overseeing claims against the hospital.  That officer erroneously assumed that counsel had already been provided with a copy of the third-party complaint.  As a result, it appears that counsel for Saint Joseph was unaware of the filing of the complaint until the entry of default on November 5, 2009.

Based on the facts presented, this Court finds that Saint Joseph's conduct in failing to answer the third-party complaint was not culpable.  In making this determination, the Court is mindful that, "where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for judicial proceedings." *Shepard Claims Service, Inc.*, 796 F.2d at 195.  Because this motion was made promptly and because the Court is satisfied that Saint Joseph's explanation, the Court will GRANT Saint Joseph's motion to set aside the entry of default.

III.     **CONCLUSION**

For the reasons discussed above, it is hereby **ORDERED** as follows:

(1)      That Saint Joseph's Motion to Set Aside Entry of Default [R. 27] is **GRANTED**;

(2)      That the entry of default entered by the Clerk of the Court [R. 26] is **VACATED** and **SET ASIDE**; and

(3)      That Saint Joseph shall have **twenty days** from the date of this Order to file an answer to the third-party complaint.

Dated this 12th day of November, 2009.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**